UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEATTLE TIMES COMPANY,

      Plaintiff,                     Civil Action No. 16-mc-51127

v.                                    District Judge Victoria A. Roberts

LEATHERCARE, INC., ET AL.,      Magistrate Judge R. Steven Whalen

      Defendants,

v.

HOYT CORPORATION,

      Respondent.

_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Seattle Times Company's ("Times") September 8, 2016 *Motion to Enforce August 15, 2016 Order* [Docket #7] pertaining to the Honorable Victoria A. Roberts' order requiring Respondent Hoyt Corporation ("Hoyt") to comply with the Times' Subpoena. *See Docket #6.* The case has been referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A). The undersigned held a hearing on October 13, 2016 and the motion was taken under advisement. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I.**

The current motion pertains to the underlying environmental cost recovery action in the Western District of Washington. *Seattle Times Co. v. LeatherCare, Inc.*, Case. No. 2:15-cv-01901-TSZ (W.D. Wash.).

On May 10, 2016, the Times subpoenaed documents from Hoyt, a former manufacturer of dry cleaning equipment sold to Defendant LeatherCare, Inc. ("LeatherCare"). *Docket #1*. On August 4, 2016, the Times filed a motion for order compelling production or inspection of documents pursuant to subpoena duces tecum served on Hoyt under Federal Rule of Civil Procedure 45(d)(2)(B)(I). On August 15, 2016, Judge Roberts ordered that the 127 bankers boxes (identified by Hoyt as containing possibly relevant material) be reviewed by Hoyt for "relevant, non-privileged documents" and that such documents be provided to the Times on a "rolling basis." *Docket #6* at 2. The District Court noted that Hoyt proposed that it pay 40 percent of the cost for the document review and that the Times pay 60 percent. *Id.* The District Court ordered parties to reach an agreement on the allotment of cost. *Id.* In the event that parties were unable to agree, the Court noted that the issue "may require briefing." *Id.*

**II.**

On October 11, 2016, the parties submitted a pre-hearing joint statement of unresolved issues pertaining to the motion to enforce. First, the Times argues that it is entitled to the portion of Hoyt's "old business records" in the possession of Hoyt's attorneys, Foley, Baron,

Metzer & Juip ("FMBJ"). *Docket #13* at 2. The Times faults Hoyt's attorneys for not even looking for responsive documents in their possession. *Id.* In response, Hoyt states even non-privileged documents in the possession of FMBJ are not within the scope of the subpoena to Hoyt. *Id.* at 3.

"On the issue of control, it is 'well-settled that a party need not have actual possession of the documents to be deemed in control of them;' rather, the 'test is whether the party has a legal right to obtain them.'" *DeGeer v. Gillis*, 755 F.Supp.2d 909, 924 (N.D.Ill. 2010)(*citing Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D.Ill.2004)). While the Rule 45 respondent's law firm had "possession and custody of the database," the respondent "[did] not contend that it lack[ed] a legal right to obtain its documents." *Id.* Likewise here, Hoyt is required to produce responsive, non-privileged documents in the possession of FMBJ subject to any agreement between the the Times and Hoyt to narrow the scope of the subpoena.[1]

Second, the Hoyt and the Times dispute whether Hoyt must produce all responsive, non-privileged documents in its possession, custody or control, or only those generated by Hoyt. *Docket #13* at 4. The Times argues that the District Court's order does not distinguish between documents actually authored by Hoyt and all responsive documents its possession or control. *Id.* at 4-5. In response, Hoyt notes that the Times abandoned its request for certain categories of documents. *Id.* at 5-6.

---

[1] Hoyt states that the Times has withdrawn its request for "litigation files."

The Times' subpoena is not limited to documents generated by Hoyt. Further, all responsive non-privileged documents in the possession of FMBJ that Hoyt is entitled to (subject to any limitations agreed to by the Times and Hoyt) are discoverable. *DeGeer, supra.*

Third, the parties disagree on whether Hoyt has produced all "responsive non-privileged" historical business records. *Docket #13* at 6. According to the Times, Hoyt's claim that it is not required to produce documents it did not author suggests that it is also withholding historical records in its possession but authored by others. *Id.* The Times argues that it is therefore entitled to review Hoyt's files for responsive documents. *Id.* In response, Hoyt states that it has made a diligent search of all historical records in its possession for responsive documents. *Id.* at 7-8. While the Times faults Hoyt for the tardy production of certain documents, Hoyt states that the late production of the material was attributable to the fact that the documents "had been segregated from the bulk of Hoyt's originals many years ago." *Id.* at 7.

The Times has failed to show that it is entitled to peruse Hoyt's records for "potentially responsive documents . . . ." The District Court's August 15, 2016 order states that the Times would be permitted to review the material after "Hoyt clears it for relevancy and non-privilege." *Docket #6,* ¶ 3. As discussed above, the Times is entitled to additional responsive, non-privileged documents, regardless of whether they were generated by Hoyt. However, the facts of this dispute do not suggest that the Times is entitled to rifle through

Hoyt's documents before they is reviewed for relevancy or privilege.

Last, parties disagree on the allocation of fees and costs for the Rule 45 subpoena. The Times argues that Hoyt's failure to "search for and produce all required documents" violates the subpoena and the Court's August 15 Order. *Id.* at 8. The Times contends that "Hoyt has interfered with the . . . prosecution of what even Hoyt concedes is a case critical to the Times' future as the only daily general circulation newspaper in a city of two million people." *Id.* As a sanction for Hoyt's "bad-faith conduct," the Times argues that Hoyt "bear its own costs" of complying with the subpoena as well as the fees and costs incurred in bringing the present motion. *Id.* at 8-9.

In response, Hoyt contends that it acted in good faith and complied with the Court's Order as modified in correspondence with the Times. Hoyt points out that the cost of its document review was "reasonable and within a few thousand dollars" of the estimate given to the Court on August 8. *Id.* at 9. Hoyt argues, in effect, that the Times' subjective belief that it was entitled around 20,000 pages of discovery Hoyt produced in other cases (where Hoyt was a party) does not establish that Hoyt did not produce all responsive documents responsive to the Rule 45 subpoena.

Both Rule 45 and the inherent power of the court allows sanctions against petitioners who fail to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" as well as respondents who fail to comply with subpoenas. The District Court's August 15, 2016 order states that Hoyt proposed that it pay 40 percent of the

document review costs and the Times pay 60 percent. *Docket #6* at ¶ 8. The Times' latest position is that Hoyt should "bear its own costs" and that the Times should be awarded fees and costs incurred in bringing the present motion. However, while the Times may be entitled to additional documents, the facts of this case do not suggest that Hoyt acted in bad faith or that its costs are unreasonable. As such, Hoyt will pay 40 percent of the costs related to complying with the subpoena and the Times will pay 60 percent. The Times' request for the fees and costs incurred in bringing this motion is denied.

Consistent with the above discussion, the Times motion to enforce the District Court's August 15, 2016 order [Docket #7] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: January 11, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager